UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA WOOD, Personal Representative
of the Estate of Robert L. Wood, Jr., deceased,

       Plaintiff,

                                                Case No.
                                                Hon.

REMINGTON ARMS COMPANY, LLC, a
foreign limited liability company corporation;

       Defendant.

---

**WOLFGANG MUELLER (P43728)**
OLSMAN, MUELLER, WALLACE
& MACKENZIE P.C.
Attorney for Plaintiff
2684 West Eleven Mile Road
Berkley, MI  48072
(248) 591-2300
wmueller@olsmanlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, MONICA WOOD, Personal Representative of the Estate of Robert L. Wood, Jr., deceased, by and through her attorneys, OLSMAN, MUELLER, WALLACE & MacKENZIE, P.C., by Wolfgang Mueller, hereby complains against the Defendant, REMINGTON ARMS COMPANY, LLC, a foreign limited liability company corporation ("REMINGTON"); and states the following:

      1.     Plaintiff is a citizen of the State of Michigan.

      2.     Remington is a foreign citizen, with headquarters in North Carolina. Remington conducts business in the State of Michigan and particularly, within this

District. Based upon information and belief, no member of Defendant is a citizen of the State of Michigan.

3. Jurisdiction is founded upon the diversity of citizenship of the parties and damages which exceed $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court, pursuant to 28 USC §1391, as Defendant, Remington, resides, for venue purposes, in this District.

## GENERAL ALLEGATIONS

5. Remington is a manufacturer of rifles, including the subject 2005 Remington Model 700-270 rifle, serial number D6618011.

6. In July, 2011, Robert L. Wood, Sr., Plaintiff's decedent's father, purchased the subject Remington 700-270 rifle at auction conducted by Belcher & McPherson Auction Co. in Marshall, Michigan.

7. In and before 2005, when the subject rifle was manufactured, Remington was aware of the danger of inadvertent firing (firing without trigger pull) on bolt-action rifles as a result of the "Walker Fire Control" trigger assembly. Remington's knowledge of the danger dated to at least the 1970s, when it chose not to recall the Model 700 rifles with the Walker Fire Control system. Remington had been sued several dozen times prior to 2005 as a result of the alleged defect in the "Walker Fire Control" trigger assembly.

8. On November 1, 2011, Robert Wood Sr. was on a hunting trip in Wyoming with his son, Plaintiff's decedent, Robert Wood, Jr., and other family friends.

9. At approximately 5:15 a.m., the hunting party was getting ready to go hunting. As Robert Wood Sr. was loading his rifle, it was laying in its case on the

tailgate of the pickup truck used to transport some of the hunters.  Mr. Wood chambered a round and closed the bolt, with his fingers nowhere near the trigger or trigger guard of the rifle.  Suddenly and unexpectedly, as Mr. Wood closed the bolt, the rifle fired, with the bullet piercing the gun case and striking Robert Wood, Jr., who was coming around the rear of the truck.  The round struck Robert Wood, Jr. in the left buttock and traveled to his right hip, where it exited.  Plaintiff's decedent suffered a fatal wound and bled to death.

10.   Robert Wood, Jr. was pronounced dead at 6:00 a.m. on November 1, 2011, by Gary Gould of the Lawrence County, South Dakota Coroner's office.  The cause of death was described as *"accidental discharge of a .270 cal rifle."*

11.   As a direct and proximate result of the negligence and gross negligence described below, Plaintiff's decedent, Robert L. Wood Jr., suffered severe and extreme physical and emotional pain and distress before ultimately dying.

12.   As a direct and proximate result of the negligence and gross negligence described below, Plaintiff's decedent, Robert L. Wood, left the following next of kin, each having lost his society, companionship and love:

        A.   Monica Wood (wife);
        B.   Corey Hinton (minor stepson);
        C.   Haylee Dotson (daughter);
        D.   Chandler Wood (minor son);
        E.   Robert L Wood, Sr. (father);
        F.   Sylvia Wood (mother);
        G.   Heather Orr (sibling);
        H.   Gary D. Wood (sibling);
        I.   Angel Arroyo (sibling)
        F.   Edith Leota (grandmother);

## COUNT I
## <u>NEGLIGENCE - REMINGTON</u>

13. Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

14. At all times relevant to this action and during the time of the design and manufacture of the subject rifle, Defendant, Remington, was under a duty to design, manufacture and test its products to eliminate any unreasonable risk of foreseeable injury. Defendant was under the additional duty to manufacture its rifle to eliminate safety defects which would render the rifle or its components unfit for their intended, foreseeable uses and foreseeable misuse.

15. Despite the duties set forth above, Defendant was negligent and breached implied warranties in at least the following respects:

    a. Negligently failing to design and manufacture the subject rifle with a trigger assembly that would prevent firing without the trigger being pulled;

    b. Negligently designing and manufacturing a trigger assembly that was susceptible to inadvertent firing as a result of the "trigger connector that could cause the rifle to fire without the trigger being pulled;

    c. Negligently failing to incorporate technologically and economically feasible alternative designs, such as a trigger block mechanism which was available and had been proposed by Mike Walker decades before the manufacture of the subject rifle;

    d. Negligently failing to warn and/or instruct users of the rifle that it was susceptible to inadvertent firing without the trigger being pulled, and for failing to properly instruct users of proper maintenance procedures for the Remington-Walker trigger mechanism;

    e. Other acts of negligence that will be discovered through the course of this litigation.

4

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan's Wrongful Death Statute, as well as damages for conscious pain and suffering experienced by Plaintiff's decedent. Plaintiff also requests that this court award pre-judgment interest, costs and attorney fees so wrongfully incurred.

## COUNT II
## GROSS NEGLIGENCE - REMINGTON

16. Plaintiff incorporates by reference all previous paragraphs as though fully restated herein.

17. During the time of the design and manufacture of the subject rifle, Defendant had actual knowledge of over one hundred other incidents of inadvertent firing without the trigger being pulled involving Model 700 rifles manufactured with the Remington-Walker trigger assembly. Complaints came from customers including private citizens, the United States Marine Corp., and the publisher of Consumer Reports magazine.

18. During the time of the design, manufacture and sale of the subject rifle, Defendant had actual knowledge of the defective conditions set forth above, and that there was a substantial likelihood that the defect would cause serious or fatal injuries to users or bystanders, including the same type of injury in this case. Despite such knowledge, Defendant willfully disregarded that knowledge in the manufacture or distribution of the product.

19. Based on Defendant's actual knowledge, MCL 600.2946(4), 600.2946(a), 600.2947(1)-(4), and 600.2948(2), do not apply, pursuant to MCL 600.2949(a).

20. Remington's conduct also constitutes "gross negligence," which is defined as *"conduct so reckless as to demonstrate a substantial lack of concern for whether injury results."* MCL 600.2945.

21. Defendant's conduct was a direct and proximate cause of Plaintiff's decedent's death.

Accordingly, Plaintiff respectfully requests that the trier of fact award all damages allowed under Michigan's Wrongful Death Statute, as well as damages for conscious pain and suffering experienced by Plaintiff's decedent. Plaintiff also requests that this court award pre-judgment interest, costs and attorney fees so wrongfully incurred.

        Respectfully submitted,

        OLSMAN, MUELLER, WALLACE
        & MacKENZIE, P.C.

        s/Wolfgang Mueller
        WOLFGANG MUELLER (P43728)
        Attorney for Plaintiff
        2684 W. 11 Mile Road
        Berkley, MI 48072
        (248) 591-2300
        wmueller@olsmanlaw.com

Date: December 18, 2012

## **JURY DEMAND**

NOW COMES the Plaintiff, MONICA WOOD, Personal Representative of the Estate of Robert Wood, Jr., deceased, by and through her attorneys, OLSMAN,

MUELLER, WALLACE & MacKENZIE, PC, and hereby demands a trial by jury in the above-captioned matter.

                                OLSMAN, MUELLER, WALLACE
                                & MacKENZIE, P.C.

                                s/Wolfgang Mueller
                                WOLFGANG MUELLER (P43728)
                                Attorneys for Plaintiff
                                2684 West Eleven Mile Road
                                Berkley MI 48072
                                (248) 591-2300
                                wmueller@olsmanlaw.com

Dated: December 18, 2012